```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

MORESON CONFERENCING, et al.,  }
                               }
     Plaintiffs,               }
                               }    CIVIL ACTION NO.
v.                             }    06-AR-1781-S
                               }
DANA SIMONS, et al.,           }
                               }
     Defendants.               }
```

**<u>MEMORANDUM OPINION</u>**

Although plaintiffs, Moreson Conferencing, Mark Jackson, Carey Jackson, Jerry Parham, Danny McWilliams, Leonard Slade, Michael Clay, Bill Trull and Bob Trull, have not filed a motion to remand their above-entitled action that was removed to this court upon the removing defendant's invocation of the diversity jurisdiction of this court as provided by 28 U.S.C. § 1332, this court, as a court of limited jurisdiction, is obligated to scrutinize its own subject-matter jurisdiction, and to remand a removed case if subject-matter jurisdiction does not appear.  The burden of proof of the essential elements of subject-matter jurisdiction is on the removing defendant.

The notice of removal filed in this case by Russell Kassman adequately asserts the existence of the necessary complete diversity of citizenship between plaintiffs, on the one hand, and defendants, on the other.  However, the only allegation respecting the required amount in controversy is as follows:

The removing party, Russell Kassman, states that the

>     amount in controversy exceeds the sum of $75,000.00,
>     exclusive of interest and costs, and to the extent
>     necessary evidence of claim(s) filed by Plaintiffs in
>     United States Bankruptcy Court proceedings of Moreson
>     Conferencing and Audio X in California will be offered.

This court is not obligated to advise a removing defendant of the extent that evidence may be necessary to prove the requisite amount in controversy.  It is the obligation of the removing defendant to prove that the amount in controversy exceeds $75,000 and not to rely on a mere conclusory allegation, even if unrebutted by plaintiffs.  Plaintiffs cannot, by remaining silent, confer jurisdiction on this court.  The bare assertion of the removing defendant that the amount in controversy, in fact, exceeds $75,000 in a case in which no *ad damnum* is stated in the state court complaint is not enough.  This is particularly true when the conclusory allegation is subject to the interpretation that the total amount claimed by nine plaintiffs in **the aggregate** exceeds the sum of $75,000, whereas each individual's claim may be less than $75,000.  In this case, there are nine separate plaintiffs who do not sue jointly and who sustained differing amounts, some of which, if not all of them, are less than $75,000 in amount.  In order to remove a multi-plaintiff case on diversity grounds, either the removing defendant must satisfactorily demonstrate that every plaintiff's claim exceeds $75,000 or that at least one plaintiff's claim exceeds $75,000, and that the supplemental jurisdiction of this court is expressly invoked pursuant to 28 U.S.C. § 1367(a), over the other claims.

There was no invocation of supplementary jurisdiction in this notice of removal, and no demonstration of the amount of individual claims.

Finding that the removing defendant has failed to demonstrate jurisdiction under 28 U.S.C. § 1332, a separate order of remand will be entered.

DONE this 30th day of November, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE